[653 NYS2d 657]

In the Matter of AUDREY NADLER (Admitted as AUDREY J. NAD-LER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 10, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Leavitt, Kerson & Leffler*, Forest Hills (*Paul E. Kerson* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The Grievance Committee now moves to confirm the report of the Special Referee.

The four charges are based on the following factual allegations:

1. The respondent, while an associate of the law firm of Balsamo and Rosenblatt, represented Ruthie Friedman in a landlord-tenant matter.

2. The respondent failed to timely commence proceedings on Ms. Friedman's behalf.

3. In or about 1994, the respondent provided to her client a "stipulation of settlement", bearing the purported original signature of Martin Needleman, identifying him as attorney for the respondent tenants.

4. The document was fraudulent in that Mr. Needleman never signed the document, never represented the tenants in question, and had no involvement in the matter.

5. In or about 1994, the respondent provided to Ms. Friedman a fictitious "decision and judgment of possession" bearing an incorrect index number and the purported signature of the Honorable Laurie L. Lau.

6. The decision and judgment of possession was never prepared, authorized, or signed by Judge Lau.

7. The respondent repeatedly misled her client concerning the status of the landlord-tenant case.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Three alleged that the respondent engaged in conduct adversely reflecting upon her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Four alleged that the respondent neglected a legal matter entrusted to her in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the aforementioned charges. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the considerable mitigating circumstances, in the form of medical testimony, advanced by the respondent, and have factored the mitigating circumstances into the sanction to be imposed. Nevertheless, we find the respondent guilty of the serious misconduct alleged. It is, therefore, this Court's determination that the respondent be suspended from the practice of law for a period of five years.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Audrey Nadler, is suspended from the practice of law for a period of five years, commencing March 14, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that (a) during the five-year period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Audrey Nadler, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.